Drake, Ch. J.,
delivered, tbe opinion of tbe court:
E. E. Norton, assignee in bankruptcy of the claimant, applies to be substituted for the claimant in the further prosecution of this suit, instituted August 7, 1868, to recover the proceeds of cotton of claimant, seized and taken in Mississippi, by the military forces of the United States, in 1863.
It is shown, that the claimant was, on the 7th of March, 1868, five months before the institution of this suit, adjudged a bankrupt by the district court of the United States for Louisiana, and that said Norton was duly appointed bis assignee.
By the operation of the bankrupt act the assignee became invested with all the claimant’s title, at the time of the adjudication of bankruptcy, to all property and estate, real and personal, including all rights in equity, all cboses in action, all debts, and all rights of action for property, real or personal; and the assignee is authorized by that act to sue for and recover the said estate and effects in Ms own name; and to prosecute and defend in bis own name, as assignee, all suits at law or in equity pending at the time of the adjudication, in which the *544 bankrupt is a party, in the same manner and with like effect as they might have been prosecuted or defended by the bankrupt.
The comprehensiveness of the terms of the act leaves no room to question the legal right of the assignee to be substituted for the claimant in this suit, and to prosecute the same to judgment, and to recover whatever the claimant was, when adjudged a bankrupt, entitled to recover.
The only obstacle to such substitution was interposed on the hearing of this motion, wdien a paper was presented to the court by a member of the bar, purporting to be a copy of an assignment of this claim, made by the claimant on the 1st of August, 1866, to one James W. Person, in trust for the wife of the claimant, in part payment of the claimant’s indebtedness to her in a large sum of money, for her share of community property which he and she had acquired in Louisiana after their marriage.
This paper was not authenticated; but the counsel for the assignee consented to its coming before the court for the purposes of this motion, and we, therefore, take cognizance of it for what it is worth.
If the original paper were before us, properly proved, would it justify us in refusing the substitution of the assignee for the claimant in this suit? We think not. Upon the face of the record James J. Person has a prima-fade right to sue for the proceeds of cotton taken from him. He appears there alleging facts sufficient, if proven, to entitle him to recover those proceeds. Whatever right he had to them passed to the assignee. Whether ho had any right is to be determined in favor of or against the party who is by law entitled to stand in his place. If he had died, no adverse claimant of the proceeds of the cotton would have been allowed to dispute the right of his executor or administrator to appear and prosecute this suit. As to this suit he is as good as dead, for the law has divested him of all right to prosecute it, and vested that right in 'the assignee. Whether his claim was a valid one, and whether, if it was valid, he is still entitled to the proceeds of the cotton, are questions in which the legal holder of his prima-facie title is entitled to stand in his place against all contestants. When, therefore, the assignee comes and asks to succeed him in asserting that title, no one can impugn his right so to do, by showing that the claimant had, in fact, no title to the proceeds; for that would *545 be to contest incidentally on a motion wbat ought to be the subject of a regular judicial trial.
It follows that the trustee of Mrs. Person could, upon this. motion, have no standing in this court, even if the paper presented by his counsel had been duly authenticated.
The motion to substitute the assignee for the claimant is allowed.
Loeing, J., did not sit at the trial of this case, and took no part in the decision.